IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

---

| PAUL C. ALLEN, | ) **MEMORANDUM DECISION & ORDER** |
| | ) **DENYING HABEAS PETITION** |
| Petitioner, | ) |
| | ) Case No. 2:10-CV-283 DB |
| v. | ) |
| | ) District Judge Dee Benson |
| STEVEN TURLEY et al., | ) |
| | ) |
| Respondents. | ) |

---

Petitioner, Paul C. Allen, an inmate at Utah State Prison, filed this habeas corpus petition,[1] in which he raises essentially the same issues he brought in a prior petition that this Court very recently denied.[2] The current petition is thus "second or successive."[3]

The Court lacks jurisdiction over this second or successive habeas application absent prior authorization from the Tenth Circuit Court of Appeals.[4] Because Petitioner has not sought such authorization, the Court may not consider the merits of the petition.

Under 28 U.S.C.S. § 1631 (2010), the Court has discretion to transfer this misfiled petition to the court of appeals "if . . . it is in the interest of justice." In determining here that a

---

[1] *See* 28 U.S.C.S. § 2254 (2010).

[2] *See Allen v. Turley*, No. 2:08-CV-858-DAK (D. Utah Nov. 2, 2010).

[3] *See* U.S.C.S. § 2244(b) (2010).

[4] *See id.* § 2244(b)(3)(A).

transfer would not be in the interest of justice, the Court has examined

> whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.[5]

First, it appears Petitioner's claims would be time barred if filed anew because they are already time barred here. His first state-post-conviction proceedings ended on August 19, 2008. His second unsuccessful state post-conviction application was later filed on April 2, 2009. At that point, 243 had ticked away from the one-year period of limitation for federal habeas corpus petitions.[6] Then, his appeal was denied on July 30, 2009. He had thirty days to file a certiorari petition with the Utah Supreme Court, which he chose not to do. Adding two days because the filing deadline fell on a weekend, Petitioner's second state-court post-conviction process ended on August 31, 2009. When this current petition was filed here on March 31, 2010, then, another 212 days had elapsed, making the petition ninety days too late. If Petitioner sought to file in the Tenth Circuit now, it

---

[5] *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

[6] 28 U.S.C.S. § 2244(d)(1) (2010).

would be even that much later. And, the Court sees no basis for equitable tolling.[7]

Second, the Court's analysis in denying another of Petitioner's habeas petition here, filed in 2008,[8] shows the lack of merit existing in the current case, which contains essentially the same arguments. Thus, the claims alleged here are unlikely to have merit.

Third, it should have been clear to Petitioner upon filing claims repetitive of the ones raised in the 2008 case that his current petition was not filed in good faith and that this Court would lack jurisdiction over such a second or successive petition.

## CONCLUSION

The Court lacks jurisdiction to review this second or successive petition. And, it determines that it is not in the

---

[7] This timeline analysis highlights another fatal flaw in Petitioner's ongoing quest for habeas relief. That is his failure to exhaust his second state-post-conviction application, when he did not file a certiorari petition with the Utah Supreme Court.

[8] *See Allen v. Turley*, No. 2:08-CV-858-DAK (D. Utah Nov. 2, 2010).

3

interest of justice to transfer the case to the Tenth Circuit Court of Appeals.  IT IS THEREFORE ORDERED that this habeas corpus petition under § 2254 is DENIED.

DATED this 2nd day of November, 2010.

BY THE COURT:

_____
DEE BENSON
United States District Judge